**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8210 ODW (SSx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | *Elio Carrion v. Ivory Webb, et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **Order Denying Plaintiff's Motion to Dismiss Defendant Ivory Webb [77]**

    Elio Carrion ("Plaintiff") filed this civil rights action against former police officer Ivory Webb ("Webb"), Sheriff Gary Penrod and the County of San Bernardino ("County Defendants").  Plaintiff alleges Webb shot him without cause in violation of 42 U.S.C. § 1983, and that the County Defendants are subject to *Monell* liability for inadequately training Webb, among other things.  Webb subsequently filed a voluntary Chapter 7 bankruptcy petition and this lawsuit was discharged under 11 U.S.C. § 727.  Webb is presently under a federal criminal investigation, following acquittal in state court, on charges arising out of the shooting underlying this civil action.  Plaintiff now moves to dismiss Webb without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

    The sole basis for Plaintiff's motion is that he is "enjoined pursuant to 11 U.S.C. § 524(a)(2) from continuing this action against [ ] Webb." (Mot. at 3.)  That section provides in relevant part:

> **(a)** A discharge in a case under this title -- **(1)** voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived; **(2)** operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8210 ODW (SSx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | *Elio Carrion v. Ivory Webb, et al.* | | |

      The County Defendants filed a Qualified Opposition to Plaintiff's Motion. After arguing that the bankruptcy discharge does not necessarily compel Webb's dismissal, the County Defendants stipulate to the dismissal so long as "the Court rules the dismissal of [ ] Webb will not jeopardize the County Defendants' rights to claim [ ] Webb is a necessary, indispensable party to this action at any point in the future." (Opp'n at 2.) Plaintiff's Reply jumps the gun, arguing Webb is neither necessary nor indispensable -- all but abandoning the (bankruptcy discharge) argument initially advanced.

      First, although Plaintiff alleges he is "enjoined pursuant to 11 U.S.C § 524(a)(2) from continuing this action against [ ] Webb," (Mot. at 3), the County Defendants point to case law suggesting otherwise. *See*, *e.g.*, *In re Slali*, 282 B.R. 225, 229 (C.D. Cal. 2002) ("It is well established that [11 U.S.C. § 524(e)[1]] permits a creditor to bring or continue an action directly against the debtor to establish the debtor's liability when establishing that liability is a prerequisite to recovery from another entity.") (citations omitted); *In re Munoz*, 287 B.R. 546, 555 (9th Cir. BAP 2002) (explaining that "§ 524(a)(2) discharge injunction bars the [plaintiff's ] action only if it constitutes 'an action ... to collect, recover or offset any [discharged] debt *as a personal liability of the debtor*.'") (quoting 11 U.S.C. § 524(a)(2) (emphasis in original); *see also Pelkoffer v. Deer*, 144 B.R. 282, 285 (W.D. Pa. 1992) ("[Constable's] Chapter 7 discharge [ ] fails to absolve him of section 1983 liability in his official capacity because he is a separate legal entity when acting in his official capacity."). Plaintiff does not address this authority.

      Second, Webb is alleged to have violated Plaintiff's constitutional rights under color of law, and the County Defendants' *Monell* liability is wholly dependent on such violation. *See*, *e.g.*, *Quintanilla v. City of Downey*, 84 F.3d 353, 355 (9th Cir. 1996) ("The Supreme Court held that a public entity is not liable for § 1983 damages under a policy that can cause constitutional deprivations, when the factfinder concludes that an individual officer, acting pursuant to the policy, inflicted no constitutional harm to the plaintiff."). Indeed, the sole deprivation alleged in this case is the shooting by Webb.

---

[1] Section 524(e) provides: "Except as provided in subsection (a)(3) . . . discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8210 ODW (SSx) | Date | March 16, 2009 |
|---|---|---|---|
| Title | *Elio Carrion v. Ivory Webb, et al.* | | |

      The County Defendants suggest Webb could be dismissed from this action subject to their future right to argue that he is in fact necessary and indispensable. The court believes that issue, and others, should be resolved before Webb is formally dismissed. While the County Defendants suggested in their Qualified Opposition that Webb is necessary and indispensable, neither that document nor Plaintiff's Reply adequately briefed the issue. The County Defendants' Opposition merely reserved the right to so argue, and Plaintiff's Reply jumps to the conclusion that Webb is not indispensable. Before the court decides that issue, the parties must supplement their arguments.

      Another issue lurking in the forefront is the effect of the ongoing criminal investigation into Webb's conduct. This issue underlies both Plaintiff's and the County Defendants' interests, and will likely determine the future posture of this action. On the one hand, Plaintiff's instant motion appears designed to advance this matter to trial. On the other hand, the County Defendants believe the ongoing investigation raises the specter of Webb invoking his Fifth Amendment privilege against compelled self incrimination, thereby undermining the County Defendants' ability to fully defend themselves. To that end, the County Defendants propose a motion to stay the action pending completion of the federal investigation. Suffice it to say, while the problems raised by this investigation are uncertain, they will persist whether Webb is dismissed from this action or not.

      In sum, the bankruptcy discharge does not compel Webb's dismissal, and Plaintiff's motion is DENIED WITHOUT PREJUDICE. To the extent the County Defendants are contemplating a motion to stay, the arguments should account for the issues raised herein. The parties are reminded, finally, that the Fifth Amendment is not an abstract right. *See United States v. Tsui*, 646 F.2d 365, 367 (9th Cir. 1981) ("A proper application [ ] requires that the Fifth Amendment claim be raised in response to specific questions propounded by the investigating body. This permits the reviewing court to determine whether a responsive answer might lead to injurious disclosures. Thus a blanket refusal to answer any question is unacceptable.").

                                                                                                       Clerk: RGN 0:00